Dynamic Integrated Services, LLC v. Synergi Partners, Inc.
PLAINTIFF'S COMPLAINT

# EXHIBIT B

## DECLARATION OF KIMBERLY SULLIVAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Dynamic Integrated Services, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>Synergi Partners, Inc.,<br><br>       Defendant. | **Declaration of Kimberly Sullivan** |

1. I am over the age of eighteen (18) years and otherwise competent to make this Declaration and do so of my free will, without duress.

2. I have personal knowledge of the facts contained in this Declaration.

3. I serve as the General Counsel for Dynamic Integrated Services, LLC ("**Dynamic**").

4. I am a licensed attorney in the Florida Bar, and my bar number is 101408.

5. As General Counsel for Dynamic, I participated in an introductory phone call with Defendant Synergi Partners, Inc. ("**Defendant**"), on or about May 12, 2021.

6. Following said phone call, I received an e-mail from Defendant on May 12, 2021, claiming that it was "the firm to maximize the benefit" of the Employee Retention Tax Credits.

7. Said e-mail also included marketing and promotional materials as attachments.

8. In one of the marketing documents, Defendant included the following bullet points about it and its services:

    a. "Work with top U.S. legal firm and maintain key connections with Legislators in D.C.";

1

    b. "Interpret & apply legislation – keeping our clients in full compliance";

    c. "Executive team of veteran tax credit experts – more than 200 years of combined know-how";

    d. "Pride ourselves in getting money into our Clients' hands quickly"; and

    e. "No financial risk to working with Synergi – only charge a contingency fee based on amount of credits delivered".

9. Additionally, this same marketing document included a statement that one of its "Deliverables" was a "Qualification Analysis," which was elsewhere identified as an "Eligibility and Impact Analysis (EIA)." This analysis was to provide Defendant's clients with "piece [sic] of mind."

10. This same marketing document included the following statement on every page: "This document is proprietary and confidential and is not to be shared beyond the intended recipient."

11. In a separate promotional document, a one-page flyer, Defendant described its fees as "Success-based fees."

12. Dynamic relied upon these representations and was induced, in part, to execute the purported agreement with Defendant based upon these representations.

_Kimberly Sullivan_
Print Name

_[signature]_
Signature

_August 2, 2022_
Date

2